B. & M. R. R. R. Co. v. Lancaster County.

BURLINGTON & MISSOURI RIVER RAILROAD COMPANY IN NEBRASKA, APPELLEE, v. BOARD OF COMMISSIONERS OF LANCASTER COUNTY, APPELLANT.

1. **Taxation:** RAILROAD PROPERTY. It is the duty of the proper officers of a railroad company, whose road is situated in more than one county, to list under oath, for assessment and taxation, the road bed, superstructure, right of way, rolling stock, side tracks, telegraph lines, furniture and fixtures, and personal property, belonging to such corporation, and transmit the same to the state auditor, on or before the first day of March in each year.

2. ——: ——. All other property of a railroad company is to be assessed by the assessor of the city, ward, or precinct in which it is situated, in the same manner as is provided for the assessment of real estate, but land used for necessary side tracks is not subject to such assessment.

3. **Railroads:** SIDE TRACKS AND DEPOT GROUNDS. While lands taken and appropriated for right of way and side tracks, otherwise than by consent of the owner, cannot exceed two hundred feet in width, yet this does not prevent the company from purchasing, with the consent of the owner, all the land they may require for side tracks and depot grounds.

4. **Pleading:** PETITION. Where a defendant interposes a denial to a petition, the only question in issue is the truth of the facts stated in the petition.

5. ——: NEW MATTER IN DEFENSE. All new matter constituting a defense must be pleaded.

THIS was an appeal from the district court of Lancaster county, being tried there before POUND, J.

*Brown, England & Brown* for appellant, the county board.

No brief on file.

*T. M. Marquett,* for appellee.

1.  A railroad and all its appurtenances are treated in law as one entire thing, and cannot .be taxed or sold for taxes in parcels. *The Toledo & Wabash R. R. Co. v. City of Lafayette*, 22 Ind., 262. *North Hampton County v. Lehigh Coal Co.*, 75 Penn. St., 461. Hilliard on Taxation. *New Haven R. R. v. Hayden*, 117 Mass., 433.

2.  The. right of way, including depot grounds, is taken for public use, and we only hold an easement in the same. *Kellog v. Malin*, 50 Mo., 496. 1 Redfield on Railroads, 249, note (4).

3.  The right of way is not taxable unless so made by express words. *Worcester County v. Worcester*, 116 Mass., 193. *Wayland v. County Com'rs.*, 4 Gray, 500.

4.  What is the meaning of road bed, superstructure, right of way, rolling stock, side track, furniture, and fixtures? Road bed and superstructure include all depot grounds and water stations. Cooley on Taxation, 151, note 1. *Railroad v. Burks*, 6 Penn. St., 71. *Wayne County v. Del. & Hudson Canal Co.*, 15 Penn. St., 351–357. *State v. Hancock*, 33 N. J., 315. *Milwaukee R. R. Co. v. Milran*, 35 Wis., 27. *Osborn v. Hartford R. Co.*, 5 R. Cases, 229. *C. & N. W. R. R. Co. v. Miller*, 72 Ill., 146.

5.  The policy is to tax the road as a whole, and this would be co-extensive with the right to take land for the use of the road. *The Milwaukee & St. P. R. R. Co. v. City*, 34 Wis., 273–278. *Harlem Gas Co. v. Mayor*, 33 N. Y., 318.

6.  A liberal construction should be given to the statute which adopts the theory of taxation that the road for taxation is a unit; and only when the legislature designates some portion for taxation separately can it be so taxed. *The Milwaukee & St. P. R. R. Co. v. Crawford County*, 29 Wis., 116.

MAXWELL, J.

On the first day of April, 1870, the state of Nebraska, through the governor thereof, sold and conveyed to the plaintiff the following described real estate in the city of Lincoln, for depot grounds, viz.: " Bounded on the north by S street, on the west by fifth street, on the south by O street, and on the east by seventh street, said tract being about 1,400 feet in length by 700 in width."

Said tract has not been laid off into lots and blocks, but is known and described in the plat of the city as " depot grounds."

It appears from a plat on file in the case, that a number of the side tracks of the plaintiff's railroad are located on the tract, and that the depot, water tank, and round house are situated thereon.

In the year 1874, the assessor of the city of Lincoln *assumed* that said land was laid off into blocks, and proceeded to assess the same as follows:

Block 256, assessed at $3,250; block 257, assessed at $3,250; block 258, assessed at $3,250; block 259, assessed at $3,250; block 268, assessed at $2,500; block 269, assessed at $2,500; block 246, assessed at $3,900; block 247, assessed at $3,900. Afterwards the county commissioners of Lancaster county levied taxes thereon to the amount of $964.

It is claimed in the petition and not denied in the answer that said tract of land was assessed by the state board of equalization for the year 1874.

The plaintiff brought an action in the district court of Lancaster county to enjoin the collection of the tax, and obtained a decree as prayed for in its petition, to reverse which the defendants bring the cause into this court by appeal.

Section seventeen of the revenue law (Gen. Stat. 900)

provides that the president, secretary, superintendent, or other principal accounting officers within the state at the time of the assessment of every railroad or telegraph company, whether incorporated by any law of this state or not, when any portion of said railroad or telegraph company is situated in more than one county, shall list for assessment and taxation, verified by the oath or affirmation of the person so listing, all the following described property belonging to such corporation within the state, viz.: road bed, superstructure, right of way, rolling stock, *side track*, telegraph lines, furniture and fixtures, and personal property belonging to such corporation.

It is also provided that the state board of equalization shall value and assess the property of the corporation at its actual cash value for each mile of said road or line, etc.

There is no claim in the answer of the defendants that machine or repair shops or other buildings are located on said grounds, nor were any such buildings assessed.

The only questions for our consideration are, first, the authority of the assessor to assess the property in question; second, the authority of the county commissioners to levy the tax complained of.

Section one hundred and five of the chapter entitled " Corporations " (Gen. Stat., 193), provides, that any railroad corporation shall be authorized to pass over, occupy, and enjoy any of the school, university, saline, or other lands of the state; *provided*, that no more than one hundred feet in width from the center of the roadway survey of such corporation, on either side, shall be taken for roadway; and not to exceed twenty acres, to conform to the subdivisions of the government survey, in any one tract, for each section of twelve consecutive miles of such railroad, shall be taken for station, depot grounds, machine shops, turn-outs, side tracks, warehouses, and other appurtenances to a railroad, etc.

Section eighty-one (Gen. Stat., 186), provides that a railroad company may appropriate so much real estate as may be necessary for the location, construction, and convenient use of its road, including all necessary grounds for stations, buildings, workshops, depots, machine shops, switches, side tracks, turn tables, and water stations, all materials for the construction and repair of said road and its appurtenances, and a right of way over adjacent lands sufficient to enable such company to construct and repair its road, and a right to conduct water by aqueducts, and the right of making proper drains, *provided*, that the lands so held, taken, and appropriated, *otherwise than by the consent of the owner*, shall not exceed two hundred feet in width, etc.

There is no restriction upon the authority of the company to purchase, with the consent of the owner, all the real estate they may require for side tracks and depot grounds. In the case at bar, the present and prospective business of the company would seem to justify them in the purchase of the lands in controversy for side tracks and depot grounds.

The road bed, superstructure, right of way, rolling stock, side tracks, telegraph lines, furniture and fixtures, and personal property of a railroad company, are not to be assessed by a city, ward, or precinct assessor, but the statute makes it the duty of the assessor of the city, ward, or precinct in which are situated machine or repair shops, or other buildings or grounds, to assess the same, and make return thereof, in the manner now provided for the assessment and return of real estate. But there is no allegation in the answer of the defendants that any machine or repair shops, or other buildings are situated on the lands in controversy. The answer consists of certain denials of facts stated in the petition. The rule is well settled that where a defendant interposes a general denial to a petition the only question in

issue is the truth of the facts stated in the petition. All new matter constituting a defense must be pleaded in the answer. *The A. & N. R. R. v. Washburn*, 5 Neb., 124.

The code requires the defendants, in a case like the one under consideration, to make a plain, concise, and distinct statement of the facts which they claim render the lands in controversy taxable. The petition alleges that this land is used for side tracks and depot grounds, and the plat on file and agreed statement of facts tend to prove the allegations of the petition. Such being the case the lands are to be assessed by the state board of equalization, and not by the precinct assessor.

The action of the assessor in assessing this land, and that of the county commissioners in levying taxes thereon, are therefore null and void. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.