THE BURLINGTON AND MISSOURI RIVER RAILROAD
COMPANY IN NEBRASKA, PLAINTIFF AND APPEL-
LEE, V. THE BOARD OF COUNTY COMMISSIONERS OF
LANCASTER COUNTY ET AL., DEFENDANTS AND AP-
PELLANTS.

1.  **Railroads: TAXES.** It being the duty of the state auditor
    under the provisions of section 39 of chapter 77, compiled stat-
    utes, in case of any railroad company in this state whose prop-
    erty is situated in more than one county, failing to list its prop-
    erty to him for taxation, as therein provided, by the third day of
    March of each year, to proceed to obtain the facts and informa-
    tion necessary to such taxation, in any manner that may
    appear most likely to secure the same correctly, it will be pre-
    sumed in the absence of proof, that the property of such com-
    pany lawfully taxable by the state board of equalization, was
    for the year or years in question properly taxed by the said state
    board.

2   ——: ——. The property of a railroad company which
    should properly be assessed by the state board of equalization,
    is not rendered assessable by the precinct assessor, nor taxable
    by the county board, by reason of the failure of the officers of
    the railroad company to list the same to the state auditor, or of
    the state board of equalization to assess the same.

3.  ——: DEPOT AND DEPOT GROUNDS of a railroad actually used
    by the company in the operation of such railroad, or kept for the
    use thereof in the transaction of such increased business as may
    be reasonably anticipated in the near future, is taxable only as
    adding value to the mileage of the main line and side track of
    such railroad, under the provisions of chapter 77, compiled
    statutes, entitled Revenue.

APPEAL from a decree rendered in the district court of
Lancaster county, by POUND, J., enjoining the collection of

tax as levied by said defendants on the "depot grounds" of plaintiff.

*Mason & Whedon,* for appellants.

*Marquett, Deweese & Hall,* for appelleee.

COBB, J.

The questions presented by this appeal were in sub-stance presented, considered, and decided in the case between the same parties reported in 7 Neb., 33. The levy for taxes of the year 1874 were involved in that case. Those for the taxes of 1875, 1877, and 1878, on the same property, are involved in this. This ground consisted of an oblong piece of land 700 by 1,500 feet in extent, through which the main line of plaintiff's railroad runs, and which it claims to own and hold as depot grounds. The case turns on the question whether upon the facts as stated in the pleadings and proved upon the trial, these depot grounds were, under the law as it stood at that time, assessable by the local assessor or by the state board of equalization. Some stress is laid in one of the briefs of appellants on the fact that there is no evidence in the case that this land was, in point of fact, assessed by the state board of equalization for the taxes of the years in question. Under the law it was the duty of the appellee to list for assessment and taxation, to the state auditor, "all of the following described property belonging to such corporation within the state, viz.: road-bed, superstructure, right of way, rolling stock, side track, telegraph lines, furniture and fixtures, and personal property belonging to such corporation. Such list shall contain: *First,* The number of miles of such railroad or telegraph line in the state of Nebraska, and the number of miles of the same in each organized county therein. *Second,* And such return shall be made to the auditor of state on or before the first day of March.

annually. If the return aforesaid is not received by said auditor by the third day of March  *   *   *   he shall thereupon proceed to obtain the facts and information aforesaid in any manner that may appear most likely to secure the same correctly," etc. Gen. Stat., 901.

While there might be a view taken of the case in which it might be held necessary for the plaintiff to show, as well in its pleading as by its proof, that it has complied with the law in respect to listing its property to the state auditor before applying to a court of equity for relief against local assessment and taxation, yet, as a question of law, if the land in question was listable to the state auditor and assessable by the state board of equalization, then it was not assessable by the precinct assessor nor taxable by the county board, whether it was, in point of fact, listed to the auditor or assessed by the state board or not. Indeed it is extremely doubtful from the wording of that part of the section of the statute above quoted whether the list therein spoken of should contain anything more than the number of miles of such railroad, including side track and switches in case of railroads, and of main and side wire in the case of telegraph lines, in the state of Nebraska, and the number of miles of the same in each organized county therein. If it were necessary to state in such list the number and size of depot buildings, the size of depot grounds, the amount and kinds of every species of personal property, etc., the only purpose such listing would serve would be to enable the state board of equalization to assess the entire road per mile, and not to enable it in point of fact to tax these specific buildings, grounds, or personal property. There is a general presumption that public officers discharge their public duties, and this presumption prevails in all cases except where the proper discharge of such duties is directly called in question. If the state auditor did do his duty under the provisions of the statute, then, even if the plaintiff's officers failed to list this property according

to law, he availed himself of the other means provided for by statute and obtained the necessary data to enable the state board of equalization to assess the mileage of the railroad, including side tracks, at its fair taxable value, assigning the proper number of miles to each organized county of the state through which the road runs, and that is all that could be done in any event.

The issue to which all or nearly all of the testimony on either side seems to have been directed is, whether the block of ground as assessed by the precinct assessors was necessary for the use and running of the railroad, and whether it was in point of fact used by the said railroad company exclusively in its business, as contemplated by its charter. There was considerable and somewhat conflicting testimony as to the number, size, and use of the buildings situated on said ground, the number and situation of the side tracks upon the same. The district court in its decree must have passed upon these questions, and as has been often held by this as well as other courts, the findings of matter of fact by a trial court where there is conflicting testimony, except there be an overwhelming preponderance against such finding, will not be disturbed. In the case between the same parties in this court, above referred to, the court in the opinion say: "There is no restriction upon the authority of the company to purchase with the consent of the owner all the real estate they may require for side tracks and depot grounds. In the case at bar (says the opinion) the present and prospective business of the company would seem to justify them in the purchase of the lands in controversy for side tracks and depot grounds." So in the case now under consideration, as well from the testimony in the case as from that field of observation to which this court cannot close its eyes, it is apparent that the commercial necessities of a through line of railway at this central point are yet in their infancy, and that such appliances, room, and accessories as might be sufficient for

the accommodation of such business eight years ago would be greatly insufficient ten years hence, and it seems quite clear to me that a corporation that would neglect to provide larger business facilities than barely sufficient for the needs of to-day would fail in its duty as well to the public as to its own stockholders.

There was some evidence that in one of the years for which the said ground was assessed a small building thereon was occupied by an employee of plaintiff railroad company as a residence, for a period of four months at a rental of seven dollars per month. But it is quite apparent that such disposition of the property was and was intended to be quite temporary, and the amount received in services for the rent of this building bears but a slight relation to the amount of taxes assessed against this property. In consideration of the magnitude of the interest involved in the case this matter of the rental of the said building may well be said to fall within the maxim *de minimis non curat lex.*

We find no error in the record, and the decree of the district court must be affirmed. By the court,

JUDGMENT AFFIRMED.